IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) No. 19 CR 900 |
| v. | ) |
| | ) Judge John J. Tharp, Jr. |
| Kentrell Brown | ) |

*FILED JUL 16 2020 JUDGE JOHN J. THARP, JR. UNITED STATES DISTRICT COURT*

### KENTRELL BROWN'S PLEA DECLARATION

The defendant, **Kentrell Brown**, after consultation with his attorney, **Geoffrey M. Meyer**, acknowledges and states the following:

1. He has been charged by indictment with knowingly possessing ammunition despite knowing that he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

2. He has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged.

4. He will enter a voluntary plea of guilty to the indictment in this case.

### FACTUAL BASIS

5. Mr. Brown will plead guilty because he is in fact guilty of the charge contained in the indictment. More specifically, Mr. Brown admits the following

facts and acknowledges that those facts establish his guilt beyond a reasonable doubt:

On June 28, 2019, Mr. Brown knowingly possessed on his person ammunition, specifically Sellier & Bellot, .40 Smith & Wesson, 180 grain, full metal jacket ammunition. Shortly before 1:00 PM on June 28, 2019, Mr. Brown and a friend entered Eagle Sports Range located at 5900 West 159th Street, Oak Forest, Illinois, in the Northern District of Illinois. Eagle Sports Range is a shooting range and licensed federal firearms dealer. Before leaving Eagle Sports Range, approximately an hour and one-half later, Mr. Brown purchased a box of Sellier & Bellot, .40 Smith & Wesson, 180 grain, full metal jacket ammunition with cash. Eagle Sports Range surveillance video captured the purchase.

Mr. Brown admits that on June 28, 2019, he knew that he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, on September 12, 2018, in the Circuit Court of Cook County Mr. Brown pleaded guilty to one count of aggravated fleeing or attempting to elude a peace officer, a Class 4 felony conviction in the State of Illinois. (Case number 18 CR 3854-01) The court sentenced him to 18 months in the Illinois Department of Corrections.

Mr. Brown also acknowledges that the government can prove that the Sellier & Bellot ammunition he possessed was manufactured outside the State of Illinois, and, therefore, the firearm traveled in interstate commerce prior to his possession of it.

2

## POTENTIAL PENALTIES

6. Mr. Brown understands that the charge carries a maximum incarceration sentence of ten years and a maximum fine of $250,000. Mr. Brown further understands that the charge carries a potential term of supervised release of not more than three years.

7. Mr. Brown understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

8. Mr. Brown understands that, at the sentencing hearing, the Court will be guided by the United States Sentencing Guidelines. He understands that the guidelines are no longer mandatory, but are advisory only, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Brown understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

9. Mr. Brown and his attorney acknowledge that any guidelines calculations they have discussed are preliminary in nature and based on facts known to them at the time of this plea declaration. Mr. Brown understands that the probation office and the government will conduct their own investigations and

3

that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

10. Errors in the calculation or interpretation of any of the guidelines may be corrected by Mr. Brown prior to sentencing. He may correct these errors or misinterpretations by submitting a statement to the probation office and/or Court, setting forth the disagreement as to the correct guidelines and their application.

11. Mr. Brown reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understands that any decision to depart or vary from the applicable guidelines lies solely with the discretion of the Court.

### TRIAL RIGHTS AND APPELLATE RIGHTS

12. Mr. Brown understands that by pleading guilty he surrenders certain rights, including the following:

(a) If Mr. Brown persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Mr. Brown has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Mr. Brown, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Mr. Brown and his attorney would have a say

in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Mr. Brown is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of Mr. Brown's guilt beyond a reasonable doubt.

(d) At trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Mr. Brown. Mr. Brown would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Mr. Brown could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for Mr. Brown would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, Mr. Brown would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Mr. Brown desired to do so, he could testify in his own behalf.

13. Mr. Brown understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Mr. Brown's attorney has explained those rights to him, and the consequence of his waiver of those rights. Mr. Brown further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty, the effectiveness of counsel, and the sentence.

### LIMITATIONS AND CONSEQUENCES OF THIS PLEA DECLARATION

14. Mr. Brown understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Brown further understands that he and his attorney will be able to present evidence in mitigation at sentencing.

15. Mr. Brown understands that at the time of sentencing, he and his attorney, and the government, will be free to make their respective recommendations to the Court as they believe are appropriate.

16. Should the Court refuse to accept Mr. Brown's plea of guilty, this Plea Declaration shall become null and void and he will not be bound thereto. It is Mr. Brown's position that, should the Court decline to accept his plea, Mr. Brown withdraws his plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Additionally, pursuant to Rule 11(f) and Federal Rule of Evidence 410, this Plea Declaration and the ensuing court proceedings would be inadmissible in later court proceedings.

17. If accepted, Mr. Brown agrees that this Plea Declaration shall be filed and become a part of the record of the case.

18. Mr. Brown and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Brown further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this __7__ day of __6__, 2020

*Kentrell Brown*
Kentrell Brown
Defendant

Federal Defender Program
John F. Murphy,
Executive Director

By: _____
Geoffrey M. Meyer
Attorney for Kentrell Brown

FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8300